NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 12-1117

———————

UNITED STATES OF AMERICA

v.

HAKEEN WILLIS,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-10-cr-00416-001)
District Judge:  Honorable John R. Padova

———————

Submitted under Third Circuit LAR 34.1(a)
on March 7, 2013

Before:  SCIRICA, JORDAN and ROTH, Circuit Judges

(Opinion filed: March 15, 2013)

———————

O P I N I O N

———————

**ROTH**, Circuit Judge:

Hakeen Willis appeals his conviction of robbery and conspiracy to commit

robbery under the Hobbs Act.  Willis's sole claim on appeal is that the government failed

to present sufficient evidence showing a nexus between the robbery and interstate

commerce to support his conspiracy conviction. For the reasons that follow, we will affirm the judgment of the District Court.

## I. <u>Background</u>[1]

Willis was tried and convicted of Hobbs Act robbery and conspiracy to commit Hobbs Act robbery in connection with the robbery of three massage parlors in Philadelphia, Pennsylvania. On appeal, he challenges the sufficiency of the evidence only as related to his conviction for conspiracy. He claims that the evidence was insufficient to prove one of the robberies, the one involving the New World Spa. He argues that the jury may have been wrongly influenced by evidence related to that alleged robbery when it convicted him of conspiracy.

At trial, the government presented witnesses who identified Willis and described his involvement in that robbery. A security guard testified that he purchased supplies for the spa from stores in Cherry Hill, New Jersey. A patron testified that he traveled from New Jersey—where he lived and worked—to Philadelphia to receive a massage; however, he never received the massage because the robbery ensued shortly after his arrival. Additionally, a spa employee testified that the business had a credit card machine, although it is not clear whether the machine was working at the time of the robbery.

---

[1] We write primarily for the parties, who are familiar with the facts of this case. Therefore, we will set forth only those facts necessary to our analysis.

## II. Discussion

The Hobbs Act criminalizes "any act that in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion." 18 U.S.C. § 1951(a). The Hobbs Act defines "commerce" very broadly, including all "commerce over which the United States has jurisdiction." 18 U.S.C. § 1951(b)(3). To satisfy the interstate commerce requirement, the government need only offer "proof of a *de minimis* effect on interstate commerce[.]" *United States v. Walker*, 657 F.3d 160, 180 (3d Cir. 2011) (citations and internal quotation marks omitted). "Moreover, the effect may be potential, not actual." *United States v. Powell*, 693 F.3d 398, 402 (3d Cir. 2012) (citations omitted). We must reverse Willis's conviction if the evidence presented at trial would be insufficient to allow a rational trier of fact to find a sufficient nexus to interstate commerce beyond a reasonable doubt. *United States v. Clausen*, 328 F.3d 708, 711 (3d Cir. 2003).

In *Clausen*, we held that evidence of a massage parlor servicing customers from out of state, employing personnel from out of state, purchasing supplies from out of state, advertising in newspapers, and taking payments in cash and by credit card was "more than sufficient" to establish the *de minimis* effect on interstate commerce required by the Hobbs Act. *Id.* at 712. Here, as set out above, we conclude that the government presented sufficient evidence to the jury to establish a *de minimis* effect on interstate commerce under the Hobbs Act.

## III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.